UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE D'ANGELO,  Case. No. 1:19-cv-940
    Plaintiff,  Dlott, J.
      Litkovitz, M.J.

    vs.

SISTERS OF CHARITY, et al.,  **REPORT AND**
    Defendants.  **RECOMMENDATION**

Proceeding pro se, plaintiff Jamie D'Angelo filed this employment discrimination action in the Hamilton County, Ohio Court of Common Pleas in October 2019. (Doc. 4). Defendants subsequently removed this action to federal court in November 2019. This matter is presently before the Court on defendants' motion to dismiss (Doc. 6),[1] to which plaintiff has not responded.

**I. Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Plaintiff's complaint names "Sisters of Charity" and "Bayley" as defendants. Defendants' motion to dismiss clarifies that the proper defendants in this case are Defendants Sister of Charity Senior Care Corporation d/b/a Bayley and Sisters of Charity of Cincinnati.

misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g.*, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. Resolution

Defendants argue that plaintiff's complaint fails to include any facts to support her claims of hostile work environment, harassment, employment discrimination, FMLA interference, defamation of character, personal injury, and retaliation. (Doc. 6 at 3-5). The Court agrees. To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must provide fair notice to defendants of her claims and the grounds for such claims. Without providing any underlying factual content, plaintiff's complaint vaguely alleges "Bayley was a hostile work environment"; "For the harassment I received at Bayley"; "Boss threatened blocking my federal rights (FMLA)"; "Defamation of Character"; "personal injury"; and "management abusive and supported abusive managers." (Doc. 4). These vague allegations lack any factual support and are insufficient to provide fair notice to defendants of the grounds upon which plaintiff's claims rest.

Unlike her other claims, plaintiff's retaliation claim alleges some bare factual content— that she was told to fix a problem and was subsequently written up. (Doc. 4 at 2). However, these allegations fail to state a plausible claim for relief that plaintiff was retaliated against because she opposed unlawful discrimination. *See* 42 U.S.C. § 2000e-3(a) (it is "an unlawful employment practice" for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter[.]").

Accordingly, plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that defendants' motion to dismiss (Doc. 6) be **GRANTED** and this case be **CLOSED** on the docket of this Court.

Date: 5/5/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMIE D'ANGELO,                                Case No. 1:19-cv-940
    Plaintiff,                                      Dlott, J.
                                                       Litkovitz, M.J.
    vs.

SISTERS OF CHARITY, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4